IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL TROY ROPPOLO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 13-CV-775-JED-TLW |
| | ) |
| JANET DOWLING, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Doc. 1). Petitioner is a state inmate and appears *pro se*. Respondent filed a response (Doc. 7) to the petition and provided the state court record (Docs. 7, 8) for resolution of the claims raised in the petition. Petitioner filed a reply to the response (Doc. 12). For the reasons discussed below, the petition for writ of habeas corpus is denied.

*BACKGROUND*

In the fall of 2010, Petitioner Paul Troy Roppolo and Cornelia "Connie" Decker were involved in an intimate relationship. On December 1, 2010, Decker met Petitioner at a restaurant in Tulsa, Oklahoma, for the purpose of ending the relationship. According to Decker, Petitioner began to act strangely at the restaurant. Petitioner was armed with a ten-inch long dagger and threatened to stab Decker because she would not drink margaritas. Petitioner forced Decker out of the restaurant, holding the point of the knife against her back. They got in Decker's car and

---

[1] Petitioner is housed at Dick Conner Correctional Center (DCCC). The state officer having current custody of Petitioner is Janet Dowling, Warden at DCCC. Therefore, Janet Dowling, Warden, is the proper party respondent, *see* Rule 2(a), *Rules Governing Section 2254 Cases*, and is hereby substituted in place of Tracy McCollum, Warden. The Clerk of Court shall note the substitution on the record.

Petitioner told her to drive to his home located in Grove, Oklahoma. As Decker drove, Petitioner told her, "[y]ou can't treat me like that . . . nobody rejects me." During the drive, Petitioner threatened to stab Decker and held the knife to her neck. He spit on her and threatened to kill her. Before they arrived in Grove, Decker sustained a stab wound in her arm. Once they arrived at Petitioner's home in Grove, Petitioner wrapped t-shirts around Decker's arm to slow the bleeding from the stab wound. Petitioner eventually agreed to drive Decker back to Tulsa. When they arrived at the restaurant parking lot, Petitioner got in his own car and followed Decker as she drove to a hospital in Broken Arrow, Oklahoma. He again threatened to kill her and her family if she told anyone what had happened. Decker was treated at the hospital and released.

As a result of those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2010-4733, with Kidnapping (Count 1), and Assault and Battery With a Dangerous Weapon (Count 2), both After Former Conviction of Two or More Felonies. Petitioner was tried by a jury and testified in his own behalf. He admitted he stabbed Decker, but claimed it was accidental. At the conclusion of trial, a jury found Petitioner guilty as charged. On November 17, 2011, the trial judge sentenced Petitioner in accordance with the jury's recommendation to four (4) years imprisonment on Count 1, and twenty (20) years imprisonment on Count 2, and ordered the sentences to be served consecutively. During trial proceedings, Petitioner was represented by attorneys Adam Haselgren and Matt Tarvin from the Tulsa County Public Defender's Office.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner, represented by attorney Stuart W. Southerland from the Tulsa County Public Defender's Office, initially raised four (4) propositions of error, as follows:

> Proposition 1: The jury was improperly instructed that Appellant had three prior felony offenses for enhancement purposes, when in fact all three convictions were

>    transactional pursuant to 21 O.S.Supp.2002, § 51.1(B). The jury should have only been instructed that Appellant had a single prior for enhancement. Defense counsel's failure to investigate the transactional nature of Appellant's priors amounted to ineffective assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution as well as Article II, § 20 of the Oklahoma Constitution.
>
> Proposition 2:   It was reversible error to refuse defense counsel's request to instruct the jury on lesser-included offenses in Count Two: Assault and Battery with a Dangerous Weapon. Appellant was denied the right to have the jury instructed upon his theory of defense in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article II §§ 7, 20 of the Oklahoma Constitution.
>
> Proposition 3:   Appellant was punished twice for the same act. The kidnapping in Count One was facilitated by the use of the knife in Count Two, in violation of 21 O.S.2001, § 11.
>
> Proposition 4:   The court committed plain error by failing to properly instruct the deadlocked jury, violating Appellant's right to a unanimous verdict free from coercion in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7, 19, 20 of the Oklahoma Constitution. Count One must be reversed.

(Doc. 7-1). Petitioner also filed a motion to remand for evidentiary hearing (Doc. 7-2) as to the claim of ineffective assistance of counsel raised in the first proposition of error. On January 22, 2013, appellate counsel moved to withdraw propositions 2, 3, and 4. *See* Doc. 7-4 at 2 n.1. On April 25, 2013, in an unpublished summary opinion filed in Case No. F-2011-1061, the OCCA granted appellate counsel's request to withdraw propositions 2, 3, and 4, rejected Petitioner's sole remaining claim, and affirmed the Judgment and Sentence of the trial court. *Id.* at 2-3. The OCCA also denied Petitioner's request to remand for an evidentiary hearing. *Id.* at 3. Petitioner did not file a petition for writ of *certiorari* at the United States Supreme Court nor did he seek post-conviction relief in the state courts.

Petitioner filed a timely petition for writ of habeas corpus (Doc. 1). He identifies one (1) ground of error, as follows:

> Ground 1: The jury was improperly instructed that Petitioner had 3 prior felony offenses for enhancement purposes, when in fact all 3 convictions were transactional pursuant to 21 O.S.Supp.2002, § 51.1(B). The jury should have only been instructed that Petitioner had a single prior for enhancement. Defense counsel's failure to investigate the transactional nature of Petitioner's priors amounted to ineffective assistance of counsel under the U.S. const. Amends. 6 and 14, as well as Okla. Const. Art. II, § 20.

*Id.* at 5. Respondent filed a response (Doc. 7) to the petition and asserts that, under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas corpus relief.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

Before addressing the claim raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Respondent concedes, *see* Doc. 7 at 2, ¶ 5, and the Court agrees, that Petitioner's claim of ineffective assistance of trial counsel was presented to the OCCA on direct appeal and is exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 184-85 (2011); *Williams v. Taylor*, 529 U.S. 420 (2000).

### B. Claim adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable

4

application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011); *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *Neill v. Gibson*, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. *See Bell v. Cone*, 535 U.S. 685, 699 (2002); *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." *White*, 134 S. Ct. at 1702 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103); *see also Metrish v. Lancaster*, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). *Id.* at 98; *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be

5

presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, Petitioner presented his habeas claim to the OCCA on direct appeal. Because the OCCA addressed Petitioner's claim on the merits, the Court will review the claim under the standards of § 2254(d).

Petitioner alleges that his sentences were improperly enhanced. *See* Doc. 1 at 5. On direct appeal, Petitioner claimed that trial counsel provided ineffective assistance of counsel in failing to investigate his prior felony convictions used to enhance his sentences and failed to determined that, under state law, his three prior felony convictions were "transactional." *Id.* With regard to Petitioner's claim that his three prior felony convictions were "transactional," the OCCA found that:

> [g]enerally, a defendant's prior felony convictions can be used to enhance the applicable sentence range for a new crime; and having two or more prior convictions, as opposed to just one, can considerably alter the minimum sentence. *See generally* 21 O.S.Supp.2002, § 51.1. Multiple prior convictions should be counted as one if they arose from "the same transaction or occurrence or series of events closely related in time and location." 21 O.S.Supp.2002, § 51.1(B), (C). Although we have not developed an elaborate test for when prior convictions are "transactional" for this purpose, we have repeatedly recognized that certain facts are not sufficient (*e.g.*, that the prior crimes were charged in the same or numerically consecutive cases, that the crimes occurred on the same day, or that the defendant pled guilty to all charges on the same day). Acknowledging this, Appellant has tendered (in his Motion to Supplement) background information about his three prior convictions, including court documents and an affidavit from Appellant himself. While this information indicates that the three crimes were committed on the same day, it also indisputably shows that Appellant repeatedly contacted three different people to communicate his deadly threats. Appellant clearly intended to instill fear in three different people. Under these circumstances, we do not believe the Legislature intended the crimes to be treated as a single offense for sentence-enhancement purposes.

*See* Doc. 7-4 at 2-3 (citations omitted). In addition, upon review of the supplemental materials provided by Petitioner, including state court documents and Petitioner's affidavit, the OCCA determined that, because Petitioner's three prior felony convictions were not "transactional," he had

6

failed to demonstrate "a strong possibility that trial counsel was ineffective" sufficient to warrant additional fact-finding on the issue. *See id.* at 3. Citing Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, and *Simpson v. State*, 230 P.3d 888, 905-06 (Okla. Crim. App. 2010), the OCCA denied Petitioner's "sole proposition of error, and his request for an evidentiary hearing on his ineffective-counsel claim." *Id.* In *Simpson*, the OCCA discussed the showing required under Rule 3.11 for an evidentiary hearing on a claim of ineffective assistance of counsel and explained that:

> [a]s the rules specifically allow [an a]ppellant to predicate his claim on allegations "arising from the record or outside the record or a combination of both," [Rule 3.11(B)(3)(b)], it is, of course, incumbent upon this Court, to thoroughly review and consider [an a]ppellant's application and affidavits along with other attached non-record evidence to determine the merits of [an a]ppellant's ineffective assistance of counsel claim. Our rules require us to do so in order to evaluate whether [an a]ppellant has provided sufficient information to show this Court by clear and convincing evidence that there is a strong possibility trial counsel was ineffective for failing to utilize or identify the evidence at issue. Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2007). This standard is intended to be less demanding than the test imposed by *Strickland* and we believe that this intent is realized. Indeed, it is less of a burden to show, even by clear and convincing evidence, merely a strong possibility that counsel was ineffective than to show, by a preponderance of the evidence that counsel's performance actually was deficient and that but for the unprofessional errors, the result of the proceeding would have been different as is required by *Strickland*. Thus, when we review and grant a request for an evidentiary hearing on a claim of ineffective assistance under the standard set forth in Rule 3.11, we do not make the adjudication that defense counsel actually was ineffective. We merely find that Appellant has shown a strong possibility that counsel was ineffective and should be afforded further opportunity to present evidence in support of his claim. However, when we review and deny a request for an evidentiary hearing on a claim of ineffective assistance under the standard set forth in Rule 3.11, we necessarily make the adjudication that Appellant has not shown defense counsel to be ineffective under the more rigorous federal standard set forth in *Strickland*.

*Simpson*, 230 P.3d at 905-06. Thus, in the instant case, the OCCA's denial of Petitioner's Rule 3.11 request for an evidentiary hearing on his claim of ineffective assistance of counsel was necessarily

an adjudication that Petitioner had failed to satisfy the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner is not entitled to habeas relief on his claim that trial counsel provided ineffective assistance with regard to enhancement of his sentences unless he demonstrates that the OCCA's adjudication of the claim was an unreasonable application of *Strickland*. Under *Strickland*, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland*, 466 U.S. at 687; *Osborn v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. *Strickland*, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Sallahdin v. Gibson*, 275 F.3d 1211, 1235 (10th Cir. 2002); *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700. Thus, it is not always

necessary to address both *Strickland* prongs. This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." *Pinholster*, 563 U.S. at 190 (noting that a habeas court must take a "highly deferential" look at counsel's performance under *Strickland* and through the "deferential" lens of § 2254(d)).

In his reply to Respondent's response, Petitioner addressed the OCCA's rejection of his argument that his three prior convictions were "transactional" under state law. *See* Doc. 12 at 6. Although he acknowledges that the OCCA "correctly determined that Petitioner on the same day contacted three different people to communicate his threats," Petitioner alleges that the OCCA erred because its ruling failed to consider the following:

> (1) Petitioner's threats were made on the same day (March 4, 2009), and at the same time (1254 hours), and although the threat was communicated to three different people the threats were against only one person (Ms. Mercy Welcher); and (2) Petitioner made no plan, scheme or program of action towards causing serious bodily harm or death [of] the victim, Ms. Mercy Welcher (or to her children) (See, Doc. #1, at exhibits #1-#5); and finally (3) the Court of Criminal Appeals clearly reflected its contempt at Petitioner for filing a "Motion to Withdraw Propositions of Error from Consideration by the Court." (See, Doc. #7, at footnote #1, of exhibit #4).

*Id.* Those arguments fail to persuade this Court that the OCCA unreasonably determined that the three prior felony convictions were not "transactional." As to Petitioner's first argument, the validity of the OCCA's finding that Petitioner "clearly intended to instill fear in three different people" is not called into question even if the threats were made on the same day and at almost the same time, as argued by Petitioner.[2] As to Petitioner's second argument, the record presented to the

---

[2] The fact that Petitioner communicated threats to three different people appears to have been central to the OCCA's finding that the three prior felony convictions were not "transactional." Where a defendant has been convicted of multiple crimes perpetrated on the same day against a single victim, the OCCA has found that the resulting convictions are "transactional" and count as only one conviction for purposes of sentence enhancement under Okla. Stat. tit. 21, § 51.1(B). See Levering v. State, 315 P.3d 392, 395 (Okla. Crim. App. 2013).

9

OCCA included the Information filed in Muskogee County District Court, Case No. CF-2009-196, charging Petitioner with three (3) counts of Threatening to Perform an Act of Violence, a felony. *See* Doc. 7-2 at 15. The Information contained quotations from the voice mails recorded on the cell phones of Mercy Welcher's children and reflected that Petitioner planned, as evidenced by his threats, to kill Mercy Welcher "and everyone around her." *Id.* Petitioner pled guilty to all three (3) felony counts. *Id.* at 18-23. As to Petitioner's third argument, nothing in footnote one of the OCCA's direct appeal opinion suggests "contempt" for Petitioner, as he now alleges. The OCCA simply recited that appellate counsel had filed a motion to withdraw Propositions 2, 3, and 4, and then granted the motion. *See* Doc. 7-4 at 2 n.1.

Petitioner fails to show that the OCCA unreasonably concluded that Petitioner's prior felony convictions were not "transactional." As a result, Petitioner cannot demonstrate a reasonable probability of a different outcome at trial had trial counsel objected to the three prior felony convictions as "transactional." Therefore, Petitioner fails to satisfy the prejudice prong of *Strickland*. Under the facts of this case, this Court cannot find that the OCCA's adjudication of Petitioner's habeas claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

### Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citation omitted).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that this Court's application of AEDPA standards to the OCCA's decision is debatable amongst jurists of reason. *See Dockins v. Hines*, 374 F.3d 935, 937-38 (10th Cir. 2004). The Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Janet Dowling, Warden, in place of Tracy McCollum, Warden, as party Respondent.

2. The petition for a writ of habeas corpus (Doc. 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

ORDERED THIS 22nd day of November, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE