## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **PAUL TROY ROPPOLO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 13-CV-775-JED-TLW** |
| | ) | |
| **JANET DOWLING, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  By Opinion and Order filed November 22, 2016 (Doc. 21), the Court denied the petition and denied a certificate of appealability.  The Court entered judgment (Doc. 22) in favor of Respondent on November 22, 2016. On January 25, 2017, the Clerk of Court received and docketed Petitioner's "petition to appeal from Order of the U.S. District Court Northern District of Oklahoma"[1] (Doc. 23).  Petitioner seeks to appeal this Court's rulings denying his petition for writ of habeas corpus and denying a certificate of appealability.  He also seeks to file a second petition for writ of habeas corpus.  As discussed below, the Court finds the time for filing a timely notice of appeal expired before Petitioner filed his "petition to appeal." In addition, Petitioner is not entitled to either an extension of time to file a notice of appeal or a reopening of the time for an appeal.  Also, Petitioner may not file a second or successive petition in this Court without first obtaining authorization from the Tenth Circuit.  For all of those reasons, Petitioner's "petition to appeal" is denied.

---

[1]     The "petition to appeal" is captioned in the Tenth Circuit Court of Appeals. However, the record demonstrates that, on January 30, 2017, the Tenth Circuit received from Petitioner a copy of the "petition to appeal" and forwarded it to this Court for disposition. *See* Doc. 24.  The Clerk of Court docketed the copy sent by Petitioner to the Tenth Circuit on February 6, 2017, after receiving it on February 3, 2017. *Id.*

**A.  Time for filing notice of appeal has expired**

Pursuant to Rule 4(a)(1)(A), *Federal Rules of Appellate Procedure*, a party must file a notice of appeal with the district court clerk within 30 days of the entry of the judgment or order appealed from. The filing of a timely notice of appeal is jurisdictional.  *Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006) (stating a "timely notice of appeal in a civil case is . . . a jurisdictional prerequisite to our review").  Petitioner's appeal deadline in this case was December 22, 2016, or thirty (30) days after entry of the Court's Opinion and Order denying the petition.  Petitioner did not file his "petition to appeal" until January 25, 2017, or thirty-four (34) days beyond the deadline.  Therefore, the "petition to appeal" is untimely and cannot be considered the functional equivalent of a notice of appeal.  *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.").

**B.  Petitioner is not entitled to an extension of time to file a notice of appeal**

Rule 4(a)(5)(A), *Federal Rules of Appellate Procedure*, provides that the district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

In this case, Petitioner satisfies neither requirement.  The Clerk of Court docketed Petitioner's "petition for appeal" on January 25, 2017, or more than thirty (30) days beyond the deadline of December 22, 2016.  However, in his certificate of mailing, Petitioner states that:

2

> I certify that on this 21 day of January 2017 I mailed postage prepaid a true and correct copy of the above and foregoing to the Clerk, of the U.S. District Court Northern District of Oklahoma in case 13-CV-775-JED-TLW at 333 West Fourth Street, Room # 411, Tulsa, Oklahoma 74103-3819, for filing.

*See* Doc. 23 at 2.  If Petitioner is entitled to benefit from the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding that pro se prisoner's "notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"), then the "petition to appeal" would be considered filed as of January 21, 2017, the thirtieth day after the deadline for filing a timely notice of appeal.  However, Petitioner's statement is neither notarized nor sworn under penalty of perjury and he does not aver that he used his facility's legal mail system.  *See* Doc. 23 at 2.  As a result, he is not entitled to benefit from the prisoner mailbox rule.  *See Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) (stating that "an inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid").  Therefore, Petitioner's "petition to appeal" was filed on January 25, 2017, when it was received by the Clerk of Court.  Because he did not file his "petition to appeal" within thirty (30) days of the deadline for filing a timely notice of appeal, he is not entitled to an extension of time to file a notice of appeal.

Even if Petitioner had filed his "petition to appeal" within thirty (30) days of the deadline for filing a timely notice of appeal, the Court finds Petitioner has not shown "excusable neglect" or "good cause" for his failure to file a timely notice of appeal.   "[I]inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv.*

*Servs. Co. v. Brunswick Assoc., Ltd.*, 507 U.S. 380, 392 (1993).  Furthermore, the time for taking an appeal should not be extended in the "absence of circumstances that are unique and extraordinary." *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (quoting *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974)).

In support of his "petition to appeal," Petitioner points out that he is "untrained and schooled in law and is a layman at the law." *See* Doc. 23 at 1.  He further alleges that "[d]ue to limited time in the prison law library of normally only 1 and one half hours and the holidays Appellant could not gain access to draft this appeal before date listed below." *See id.*  The Court finds those excuses are neither unique nor extraordinary and that Petitioner fails to demonstrate either "excusable neglect" or "good cause."  The Tenth Circuit Court of Appeals has determined that, in the context of requiring additional time to cure deficiencies, a prisoner's inability to access his facility's law library did not constitute good cause or excusable neglect.  *See Wallin v. Arapahoe Cty. Det. Facility*, 244 F. App'x 214, 218 (10th Cir. 2007) (unpublished).[2]  Furthermore, extended access to a law library is not required to prepare a notice of appeal.  There are only three (3) simple requirements for a notice of appeal, namely specification of the parties, the order appealed, and the name of the court to which the appeal is taken.  *See* Fed. R. App. P. 3(c).  Thus, even if Petitioner were able to satisfy the time component of Fed. R. App. P. 4(a)(5)(A)(i), he has failed to demonstrate either excusable neglect or good cause for his failure to file a timely notice of appeal, as required under Fed. R. App. P. 4(a)(5)(A)(ii). Therefore, to the extent Petitioner requests an extension of time to file a notice of appeal, his request is denied.

---

[2]This unpublished opinion is not precedential but is cited for its persuasive value.  *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

### C.  Petitioner is not entitled to reopening the time to file an appeal

Rule 4(a)(6), *Federal Rules of Appellate Procedure*, provides specific authority for the Court to reopen the time to file an appeal, but under limited circumstances.  Pursuant to Rule 4(a)(6), this Court "may reopen the time to file an appeal . . . but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced."

Fed. R. App. P. 4(a)(6).  "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons."  *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000).  In *Clark*, the Tenth Circuit explained that "[t]he essence of Rule 4(a)(6) is finality of judgment" and that "[w]hile application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases." *Id.* at 1041.

Nothing in the "petition to appeal" suggests that Petitioner did not receive the Opinion and Order and Judgment, entered November 22, 2016, within 21 days of their entry.  As a result, Petitioner fails to satisfy the first condition of Fed. R. App. P. 4(a)(6).  Therefore, to the extent Petitioner seeks reopening of the time to appeal, his request shall be denied.

### D.  Second or successive petition is dismissed without prejudice

In his "petition to appeal," Petitioner challenges this Court's denial of his habeas petition and asks that he be allowed to present grounds for relief in a "second § 2254 petition."  *See* Doc. 23 at

1.  As recognized by Petitioner, a second or successive petition may not be filed in the district court unless the petitioner first obtains authorization from the circuit court of appeals.  28 U.S.C. § 2244(a),(b).  The Tenth Circuit has determined that, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  The appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." *Id.* at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Here, the Court finds that there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer and that it would be a waste of judicial resources to transfer this matter to the Tenth Circuit.  For that reason, any new claim presented in the "petition to appeal" is dismissed without prejudice for lack of jurisdiction.  *Cline*, 531 F.3d at 1252.  Should Petitioner obtain authorization from the Tenth Circuit, he may file a second petition in this Court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's "petition to appeal from Order of the U.S. District Court Northern District of Oklahoma" (Doc. 23) is **denied**, as follows:

1.    The "petition to appeal," filed more than thirty (30) days after entry of the judgment or order appealed from, is not the functional equivalent of a notice of appeal.

2.    To the extent Petitioner requests an extension of time to file a notice of appeal, the request is **denied**.

3.    To the extent Petitioner requests reopening of the time to file an appeal, the request is **denied**.

4.    Any new habeas claim presented in the "petition to appeal" is **dismissed without prejudice** for lack of jurisdiction.

ORDERED THIS 7th day of February, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE